UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:25-cr-219 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Larry Calhoun, | |
| Defendant. | |

## I.    INTRODUCTION

Defendant Larry Calhoun seeks to suppress evidence seized during searches of two residential properties and Calhoun's Cadillac.  (Doc. No. 24).  The government filed a brief in opposition to the motion, (Doc. No. 25), and Calhoun filed a brief in reply.  (Doc. No. 26).  For the reasons stated below, I deny Calhoun's motion.

## II.    BACKGROUND

In early 2024, the Toledo, Ohio Police Department's VICE/Narcotics unit opened an investigation after receiving reports from a confidential source that Calhoun was trafficking cocaine. (*See* Doc. No. 24-1 at 3-4).  Officers visually surveilled Calhoun over the ensuing months and observed a pattern of activity that was "indicative of narcotics trafficking," and also conducted several controlled buys of narcotics from Calhoun through confidential sources.  (*Id.* at 4-7). Investigators subsequently obtained three search warrants authorized by Lucas County Common Pleas Judge Stacy Cook on March 28, 2024, a Thursday.  Consistent with Ohio Criminal Rule

41(C)(2), the warrants were to be executed within three days of the date of issuance.  (*See, e.g., id.* at 1).

The parties agree that Ohio law excludes certain days from the calculation of the three-day time period, including the date on which the warrant was issued and Saturdays and Sundays.  *See* Ohio Crim. R. 45(A).  The parties further agree that the countable days therefore were: Friday, March 29, 2024; Monday, April 1, 2024; and Tuesday, April 2, 2024.  And neither party disputes that officers did not serve the search warrants until Wednesday, April 3, 2024.

Calhoun argues that the search warrants expired on April 2, 2024, pursuant to Ohio law.[1] Therefore, he contends, the warrants were invalid on the date that investigators served the warrants, and all evidence obtained pursuant to those warrants must be suppressed.  Calhoun further argues that officers could not have relied on the warrants in good faith because it was clear on the face of the warrants that they had expired.  The government disagrees, arguing that the search warrants comply with the requirements of the Fourth Amendment and therefore suppression is not justified.

### III.    ANALYSIS

The Fourth Amendment generally requires law enforcement officers to obtain a warrant, based upon probable cause, before searching a location in which an individual has a reasonable expectation of privacy.  *See, e.g., Carpenter v. United States*, 585 U.S. 296, 304 (2018) ("When an individual 'seeks to preserve something as private,' and his expectation of privacy is 'one that society is prepared to recognize as reasonable,' we have held that official intrusion into that private sphere generally qualifies as a search and requires a warrant supported by probable cause.") (further citation omitted).

---

[1]  Calhoun does not contend the warrants were issued without probable cause.  (*See* Doc. Nos. 24 and 26).

The United States Court of Appeals for the Sixth Circuit "has long held that federal law, not state law, governs the validity of a search warrant in a federal criminal proceeding." *United States v. Bennett*, 170 F.3d 632, 635 (6th Cir. 1999) (citing cases). As a result, "the validity of a search warrant obtained by state officers for seizure of evidence ultimately used in a federal prosecution turns only on constitutional issues." *Id.* (citing *United States v. Shields*, 978 F.2d 943, 946 n.5 (6th Cir. 1992)).

As the government notes, the text of the Fourth Amendment does not impose a deadline by which a search warrant must be executed. (*See* Doc. No. 25 at 4). And "[f]ederal courts . . . have concluded that completing a search shortly after the expiration of a search warrant does not rise to the level of a constitutional violation and cannot be the basis for suppressing evidence seized so long as probable cause continues to exist, and the government does not act in bad faith." *United States v. Gerber*, 994 F.2d 1556, 1560 (11th Cir. 1993) (citing *United States v. Twenty-Two Thousand, Two Hundred Eighty Seven Dollars ($22,287.00) United States Currency,* 709 F.2d 442 (6th Cir. 1983)) (further citations omitted). *See also United States v. Nyah*, 928 F.3d 694, 699-701 (8th Cir. 2019) (upholding denial of defendant's motion to suppress evidence obtained through a search warrant executed one day after its expiration date because "[t]he Fourth Amendment does not require that search and seizure warrants include expiration dates" and the search and seizure was otherwise reasonable).

A violation of the requirements of a criminal rule governing the issuance of search warrants "alone . . . should not lead to exclusion unless 1) there was prejudice in the sense that the search might not have occurred or would not have been so intrusive if the Rule had been followed, or 2) there is evidence of intentional and deliberate disregard of a provision of the rule." *United States v. Hopper*, 58 F. App'x 619, 627 (6th Cir. 2003) (citing *United States v. Searp*, 586 F.2d 1117, 1124 (6th Cir. 1978)).

While execution of the search warrants in this case may have violated Ohio Criminal Rule 41(C)(2) because officers did not serve the warrants within three days of their issuance, Calhoun

does not argue he suffered any prejudice as a result of their expiration, or that officers intentionally and deliberately disregarded the three-day deadline.  Therefore, I conclude he has not met his burden to show the searches violated the Fourth Amendment.

## IV.    CONCLUSION

For the reasons set forth above, I deny Defendant Larry Calhoun's motion to suppress. (Doc. No. 24).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge